# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|                                          |   |                        |
|------------------------------------------|---|------------------------|
|                                          | * |                        |
| UNITED STATES OF AMERICA                 | * |                        |
|                                          | * |                        |
| VS.                                      | * | NO: 4:08CR00181 SWW    |
|                                          | * |                        |
| JAMES BLACKMAN ROBERTS                    | * |                        |
|                                          | * |                        |
|                                          | * | *consolidated with*    |
|                                          |   |                        |
| SECURITIES AND EXCHANGE                    | * |                        |
| COMMISSION                               | * |                        |
|                                          | * |                        |
| VS.                                      | * | NO: 4:07CV00786 SWW    |
|                                          | * |                        |
| JAMES BLACKMAN ROBERTS, ET               | * |                        |
| AL.                                      | * |                        |
|                                          | * |                        |

## ORDER

Before the Court is an application for approval of second interim fee application by

appointed receiver Dennis L. Roossien and the receiver's second interim status report.  After

careful consideration, the application will be granted, and the United States is directed to brief

the Court as ordered below.

## I.

On August 31, 2007, the Securities and Exchange Commission ("SEC") filed a civil

complaint against James Blackman Roberts ("Roberts"); Fomac International, Inc., ("Fomac"), a

1

Panamanian corporation; and Consultores Las Tres Americas S.A. ("Consultores"), a Costa

Rican corporation, alleging that Roberts, through Fomac and Consultores, operated a fraudulent

foreign currency exchange ("forex") trading scheme in violation of the Securities Act and the

Securities Exchange Act.   The civil complaint against Roberts was initially assigned to the

docket of United States Chief District Judge J. Leon Holmes.

According to the SEC's complaint, Roberts began managing investors' foreign exchange

accounts in late 2003, when he lived in Costa Rica.  Roberts became acquainted with an

accountant in Costa Rica named Francisco Jiminez Cordero ("Jiminez") who had connections to

affluent Costa Rican investors.   According to the complaint allegations, Jiminez asked Roberts

to trade money belonging to his affluent friends, and Roberts commingled investor funds to trade

on the forex market.   In November 2003, Roberts moved to Heber Springs, Arkansas, where he

continued his forex trading, primarily with money belonging to Costa Rica citizens.  In 2004,

Roberts began investing money for United States citizens, who wired funds to Consultores' bank

account in Costa Rica.

In 2005, Roberts' investments suffered significant losses, and he began using new

investors' money to pay current investors, while misrepresenting that the payments were actually

returns from forex investments.  Roberts curtailed his trading activity, but he  continued to

receive investors' money through July 2007 and continued his Ponzi scheme. Roberts' operation

collapsed in 2007, and he ceased making payments to investors.

The SEC alleged that Roberts received at least $50 million from investors, and he paid

out approximately $43 million in Ponzi-scheme payments.   The SEC further alleged that Roberts

misappropriated over $3 million to invest in an U.S.-based internet forex operation, and he used

investor funds for his own personal benefit.

The same day the SEC commenced the civil case, Chief Judge Holmes  entered an agreed order enjoining Roberts from committing further violations.[1]  Judge Holmes also entered an agreed order declaring the Court's exclusive jurisdiction and possession of the assets of Roberts, Fomac, and Consutores and appointing Dennis L. Roossien, Jr. ("Roossien") as receiver.[2]  The order provides that all costs incurred by Roossien will be paid from the receivership assets and requires that Roossien file regular applications, at least quarterly, for payment of professional fees.

On November 13, 2007, Roossien filed his first interim fee application, requesting $86,317.16 for professional fees for the period August 31, 2007 through September 2007.  Along with his fee application, Roossien submitted a preliminary report, stating that Roberts had cooperated in turning over $200,000 cash from forex trading accounts; $100,000 from a Panama account; Roberts' residence, worth between $250,000 and $300,000); and Roberts' car, worth $40,000.

Roossien further reported that Jiminez, Roberts' partner in Costa Rica, refused to cooperate or speak with him.  Roossien estimated that Jiminez received at least $4 million in the aforementioned Ponzi scheme and maintained primary control over Costa Rican accounts that held investor funds.  Roossien stated that parallel criminal proceedings in Costa Rica might aid in the recovery of assets in that country.

On December 21, 2007, Judge Holmes granted Roossien's fee application, finding the

---

[1]*SEC v. James Blackman Roberts*, No.  4:07CV00786 JLH (E.D. Ark.), docket entry #6.

[2]*SEC v. James Blackman Roberts*, No.  4:07CV00786 JLH (E.D. Ark.), docket entry #7.

reported fees and expenses reasonable.[3]  However, Judge Holmes expressed concern that the cost of pursuing additional recovery of assets in Costa Rica would outweigh the benefit obtained, and he directed Roossien to submit a supplemental report regarding the benefits of pursuing additional assets.

Roossien submitted a report, projecting a distribution to investors in excess of $500,000, without pursing assets in Costa Rica, and he recommended a "conservative investment" of receivership assets toward efforts to pursue assets located in Costa Rica.[4]   Nothing in the record indicates that the Court took action in response to Roossien's recommendation, and on April 9, 2008, the Court entered agreed final judgments against Roberts, Fomac, and Consultores.[5]

On May 7, 2008, Roberts waived indictment and pleaded guilty to wire fraud as charged in Count I of the information filed in this criminal case.  The United States requested consolidation of the civil and criminal cases against Roberts on the ground that the United States Attorney and the SEC collaborated to "secure certain assets of defendant and marshal assets located in the United States, Costa Rica, and other countries" and that common issues of restitution existed in the civil and criminal cases.   On July 29, 2009, the Court consolidated the civil and criminal cases against Roberts.

## II.

Now before the Court is Roossien's motion for approval of his second interim fee

---

[3]*SEC v. James Blackman Roberts*, No.  4:07CV00786 JLH (E.D. Ark.), docket entry #21.

[4]*SEC v. James Blackman Roberts*, No.  4:07CV00786 JLH (E.D. Ark.), docket entry #22.

[5]*SEC v. James Blackman Roberts*, No.  4:07CV00786 JLH (E.D. Ark.), docket entries #37, #38.

application and a second interim status report.

## Second Interim Fee Application

Roossien seeks $117,369 in professional fees and $7,552.72 in expenses for the period September 15, 2007 through May 15, 2008.[6]  Roossien, through counsel, certifies that the SEC is in agreement with his application, and neither the Department of Justice nor Defendant Roberts has elected to take a position on the matter.  After careful review, the Court finds that the fees and expenses in the second interim fee application are reasonable and should be approved.

## Status Report

In his second interim status report, Roossien states: "After substantial efforts to obtain clear direction from the Court as to whether to use Receivership Assets to pursue Jiminez in Costa Rica, the Receiver elected to make conservative efforts in that regard."  Docket entry #12, at 2.  Roossien states that his local counsel has worked with Cost Rican criminal authorities and a Costa Rican investor group, "the Batallas,"[7]  to pursue Jiminez.  He states that the criminal prosecution in Costa Rica is moving slowly and that the criminal prosecutor and the Batallas agree that it would be helpful for this Court to issue a letter rogatory to support their effort, "particularly with respect to the $2 million that Jimenez invested in a real estate transaction alongside members of the Batalla family."  Docket entry #12, at 2.

Roossien reports that his "more conservative efforts" in pursuing assets in Costa Rica

---

[6]Although the order appointing a receiver requires that Roossien file "regular applications for payment, at least quarterly," Roossien states that he chose a longer fee period "so as to show the Court the progression of the case into the period where the Receiver's primary efforts have related to Costa Rica."  Docket entry #13, at 5.  Roossien states that he "intends hereafter to file regular fee applications on approximately four-month intervals unless otherwise directed."  *Id*.

[7]Roossien's report refers to the investor group as "the Batallas" and "the Battallas."

have cost approximately $18,000 for local counsel, $9,000 for his efforts, and $9,000 in administrative expenses, and pursuing assets in Costa Rica will cost approximately $125,000 to $150,000.  Roossien states that there is a "substantial risk" that efforts to recover additional assets will be unsuccessful, but "this possible downside would have limited impact upon investors as spread across the entire class, and presents the potential for a more meaningful distribution and for the intangible benefit of obtaining some measure of justice with respect to Jiminez."  Docket entry #12, at 4.

After careful review of the record, the Court is unable to find that the possibility of recovering assets in Costa Rica is worth the expenditure of additional receivership assets. However, the Court declines to make a decision on this important issue without hearing from the United States, and therefore directs the United States to file a brief, on or before twenty days after the date of entry of this order, stating the United States' position.

IT IS THEREFORE ORDERED that Receiver Dennis L. Roossien's second interim application for fees and expenses is (docket entry #13) GRANTED.   The receiver is authorized to proceed to effect payment consistent with the order appointing the receiver.

IT IS FURTHER ORDERED that the United States is directed to file a brief on the issue of whether the Court should authorize the use of additional receivership assets for the recovery of assets located in Costa Rica.

IT IS SO ORDERED THIS 2ND DAY OF DECEMBER, 2008.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

6