IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * * * | |
| VS. | * * | NO: 4:08CR00181 SWW |
| JAMES BLACKMAN ROBERTS | * * * | |
| | | *consolidated with* |
| SECURITIES AND EXCHANGE COMMISSION | * * * | |
| VS. | * * | NO: 4:07CV00786 SWW |
| JAMES BLACKMAN ROBERTS, ET AL. | * * * | |

**ORDER**

Before the Court is status report by appointed receiver Dennis L. Roossien ("Roossien") (docket entry #37) and a response by the United States (docket entry #38).  Also before the Court is Roossien's final fee application (docket entry #39).   After careful consideration, the Court finds that the receivership should be dissolved and that Roossien's final fee application should be granted.

Roossien reports that, pursuant to the Court's orders, he has tendered to the Clerk of the Court the net proceeds of the receivership, which total $478,636.14.  Additionally, Roossien states that he has confirmed that the Department of Justice and the Clerk of the Court will work

1

to distribute said funds consistent with the Court's orders as to restitution.

Roossien indicates that negotiations with Francisco Jimenez, an alleged coconspirator of Defendant James Blackmon Roberts, have reached a standstill and that two courses are available: (1) issue letters of rogatory, requesting the cooperation of Costa Rican authorities, or (2) close this matter and distribute assets available to victims.

The United States responds that it has concerns about embarking on a formal process of seeking cooperation, noting that informal attempts to obtain the same have failed and that assistance from Costa Rican authorities and others would be necessary in order to acquire additional assets. In the event that the Court determines that the receivership should be dissolved and that efforts to recover assets in Costa Rico should be discontinued, the United States requests that restitution payments be made only to victims with addresses in the United States.

After careful consideration, the Court finds that the receivership should end and that victims with mailing addresses in the United States should receive restitution from the assets recovered to date. Previously, the Court suspended distribution of assets available for restitution until efforts to recover assets in Costa Rica were concluded. Accordingly, the United States is directed to file a motion for an amended judgment, which includes proposed actions regarding restitution.

Also before the Court is Roossien's final fee application (docket entry #39). During a hearing held on January 23, 2009, Roossien agreed that he would not be entitled to additional fees unless his efforts in Costa Rica recovered additional assets. And in a motion filed February 2, 2009, Roossien stated that he agreed to proceed in Costa Rica without a request for payment,

absent a successful recovery of assets.

With his final fee application, Roossien seeks $7,337.50 in fees for local counsel in Costa Rica , incurred from May 2008 to January 12, 2009. Roossien states that the fees were generated in the course of assisting him "in continuing to pursue cooperative efforts with Costa Rican authorities to apply pressure upon Francisco Jimenez, working with a parallel local investor group, and negotiating with counsel for Mr. Jimenez." Docket entry #39, ¶4. Additionally, Roossien seeks $1,358.10 for accounting services provided from May 2008 though June 2009, which he states were necessary irrespective of his efforts to recover assets in Costa Rica.

In light of Roossien's obligation to file quarterly applications for payment, it appears that his application for fees incurred from May 2008 to January 2009 is belated. However, Roossien states that the Securities Exchange Commission and the Department of Justice have indicated that they support his fee application, and the Court finds that the requested fees are reasonable and should be approved.

IT IS THEREFORE ORDERED that the receivership of Dennis L. Roossien is hereby DISSOLVED.

IT IS FURTHER ORDERED that the United States is directed to file a motion for an amended complaint, which includes proposed actions regarding restitution in this case.

IT IS FURTHER ORDERED that Receiver Roossien's final fee application (docket entry #39 ) is GRANTED. The Clerk is directed to issue two checks from the funds placed in the registry of the Court by the Receiver, and to forward those checks to the Receiver. The first check is to be in the amount of $7,337.50, and shall be made payable to Facio Abogados. The second check is to be in the amount of $1,358.10, and shall be made payable to Litzler, Segner, Shaw & McKenney,

L.L.P.  The checks shall be mailed to "Dennis L. Roossien, Jr., Receiver, c/o Munsch Hardt Kopf & Harr, P.C., 500 N. Akard, Suite 3800, Dallas, Texas 75201."

IT IS SO ORDERED THIS 23RD   DAY OF NOVEMBER, 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE